UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH W. SEIFERT,

    Appellant,

v.

                             Case No. 23-cv-790-pp

FLORINE MOORE,

    Appellee,

and

MICHELLE S. Y. CRAMER,

    Trustee.

---

**ORDER GRANTING APPELLANT'S MOTION TO WITHDRAW APPEAL (DKT. NO. 5), DENYING WITHOUT PREJUDICE APPELLANT'S REQUEST TO REFUND FILING FEE (DKT. NO. 5), DENYING AS MOOT APPELLANT'S MOTION TO STAY PROCEEDINGS (DKT. NO. 2) AND DISMISSING CASE**

---

On February 23, 2023, Florine Moore filed a voluntary Chapter 7 bankruptcy petition in the bankruptcy court for the Eastern District of Wisconsin. In re Florine Moore, Case No. 23-20744-rmb (Bankr. E.D. Wis.), Dkt. No. 1. Moore was represented by Attorney Joseph Seifert. Id. at 51. On March 14, 2023, Attorney Seifert filed a request to withdraw as counsel for Moore. Id. at Dkt. No. 8. On March 20, 2023, after being twice notified by the bankruptcy court clerk's office that his request did not comply with the local rules, Attorney Seifert filed a second motion to withdraw. Id. at Dkt. No. 11. Moore objected, id. at Dkt. No. 14, and the court scheduled a hearing, id. at

1

Dkt. No. 15. At the conclusion of the April 19, 2023 hearing, bankruptcy Judge Rachel Blise granted Attorney Seifert's motion to withdraw. Id. at Dkt. Nos. 17, 19.

On April 24, 2023, Moore—representing herself—filed a letter asking for a "refund" from Attorney Seifert. Id. at Dkt. No. 24. The court scheduled a hearing. Id. at Dkt. No. 25. The evidentiary hearing took place on May 16, 2023. Id. at Dkt. Nos. 33, 34. Attorney Seifert did not appear for the hearing. Id. at Dkt. No. 34. On June 5, 2023, Judge Blise issued an order granting, in part, Moore's motion and ordering that Attorney Seifert return to Moore $1,387 on or before June 26, 2023. Id. at Dkt. No. 40, page 18. On June 6, 2023, Attorney Seifert filed a motion asking Judge Blise to vacate her order requiring him to disgorge fees. Id. at Dkt. No. 42.

At 4:01 p.m. on June 15, 2023, Attorney Seifert filed a notice of appeal to this district court from Judge Blise's June 5, 2023 order granting in part Moore's motion for disgorgement of attorney's fees. Id. at Dkt. No. 48; Seifert v. Moore, Case No. 23-cv-790 (E.D. Wis.), Dkt. No. 1. At 5:13 p.m. that same day, the bankruptcy court scheduled an evidentiary hearing on Attorney Seifert's motion asking Judge Blise to vacate her order. In re Florine Moore, Case No. 23-20744, Dkt. No. 51.

On June 20, 2023, Attorney Seifert filed with this district court a "Motion to Stay Proceedings." Seifert v. Moore, Case No. 23-cv-790, Dkt. No. 2. The motion asked this court to "stay proceedings of the pending appeal of the above captioned case until final resolution of the recently calendared hearing, to be

2

Case 2:23-cv-00790-PP   Filed 10/20/23   Page 2 of 5   Document 6

held on the issues raised on appeal, which was scheduled subsequent to the appeal notice." Id. This court did not promptly rule on that motion. As a result, the bankruptcy court forwarded to this court the record on appeal. Id. at Dkt. No. 3. This court issued a briefing letter. Id. at Dkt. No. 4.

On October 17, 2023, Attorney Seifert—the appellant—filed with this district court a "Request to Withdraw Appeal and Request for Refund of Fees." Id. at Dkt. No. 5. He recounted that he had asked the bankruptcy court to reopen and vacate Judge Blise's June 5, 2023 order, but that, "[h]earing no response and shortly before the expiration of time to file an appeal," he had filed an appeal and paid the appellate filing fee. Id. at 1. He asserted that "approximately one hour after" he filed the notice of appeal, Judge Blise had scheduled a hearing; he recounted that "[s]ubsequent" to that hearing, the "original motion was withdrawn" and Judge Blise withdrew her June 5, 2023 order, "deeming the appeal moot." Id. Attorney Seifert asks to withdraw the appeal in this court, asks the court to vacate the briefing schedule and asks that "the filing fee be refunded." Id.

Judge Blise's order was dated June 5, 2023. Federal Rule of Bankruptcy Procedure 8002(a)(1) states that, in general, a party must file a notice of appeal with the bankruptcy clerk of court within fourteen days after the entry of the judgment, order or decree being appealed. If Attorney Seifert wanted to appeal Judge Blise's June 5, 2023 order, then, he had to do so by Monday, June 19, 2023. He filed his notice of appeal on June 15, 2023—four days before the deadline required by the rule.

3

Perhaps more to the point, on June 6, 2023, Attorney Seifert filed a motion asking Judge Blise to vacate her June 5, 2023 order. Rule 8002(b)(1) says that generally, if a party timely files with the bankruptcy court a motion to amend or make additional findings, or a motion to alter or amend the judgment, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." If a party file a notice of appeal before the bankruptcy court disposes of such a motion, "the notice [of appeal] becomes effective when the order disposing of the last such remaining motion is entered." Fed. R. Bankr. P. 8002(b)(2).

Attorney Seifert filed his notice of appeal prematurely. He filed it four days before the fourteen-day deadline from the date Judge Blise issued the order. That wouldn't have mattered much, except that he filed a motion that "tolled" the appeal period. He claims to have filed the notice of appeal because, between June 6 and June 15, he had not heard anything from Judge Blise about his motion to vacate and the deadline for appealing was approaching. The deadline for appealing was *not* approaching because he'd filed a motion, and Judge Blise acted on June 15 when she scheduled a hearing on the motion.

The court will allow Attorney Seifert to withdraw the appeal; that is his prerogative and he represents that the appeal now is moot. The court also will grant Attorney Seifert's request to vacate the briefing schedule; there is no need for one if there is no longer an appeal. But the court will not grant his request to refund the appellate filing fee. Attorney Seifert filed a premature and

4

unnecessary notice of appeal, presumably because he did not review Rule 8002. "Filing fees are part of the costs of litigation. <u>Lucien v. DeTella</u>, 141 F.3d 773, 775 (7th Cir. 1998). While there may be circumstances in which an "accidental" filing may warrant refund of a filing fee—say, if someone accidentally files the same notice of appeal twice—this is not one of them, and Attorney Seifert has provided the court with no authority that would justify the court in ordering that the filing fee be returned.

The court **DENIES AS MOOT** the appellant's motion to stay proceedings. Dkt. No. 2.

The court **GRANTS** the appellant's motion to withdraw his appeal. Dkt. No. 5.

The court **GRANTS** the appellant's request to vacate the briefing schedule. Dkt. No. 5.

The court **DENIES WITHOUT PREJUDICE** the appellant's request for refund of filing fees. Dkt. No. 5.

The court **ORDERS** that this case is dismissed. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
